565 P.2d 1323

**Fred T. ASH and Hannah J. Ash, his wife, Petitioners,**

v.

**The Honorable Jack T. ARNOLD, Judge of the Pima County Superior Court, Div. 15, and Jo Flieger, Respondents.**

**No. 2 CA–CIV 2580.**

Court of Appeals of Arizona, Division 2.

May 26, 1977.

Ash, Reeb & Addington by Fred J. Ash, Mesa, for petitioners.

Richey & Leiber by William K. Richey, Tucson, for respondent, Jo Flieger.

OPINION

HATHAWAY, Judge.

Petitioners bring this special action to challenge a protective order with respect to supplemental interrogatories served as a post-judgment discovery procedure. Relief by special action is appropriate and we assume jurisdiction.

On January 7, 1976, petitioners obtained a judgment against respondent Jo Flieger and his wife as a result of a jury verdict in the sum of $29,106.53 plus 6% per annum interest. Flieger's wife was granted judgment notwithstanding the verdict and petitioners have appealed from that order. Respondent Flieger did not appeal from the judgment against him. A writ of garnishment was served on the Valley National Bank and the bank, in its answer to the writ, alleged indebtedness to the Fliegers by a certificate of deposit in the sum of

---

$100,000. The Fliegers controverted the bank's answer. After a trial of the controverted issues, petitioners were granted judgment against the bank in the sum of $29,106.53. Respondent Flieger perfected an appeal from that judgment on December 16 and posted a supersedeas bond of $32,904.

On December 24, petitioners submitted interrogatories on supplemental proceedings to respondent Flieger. Flieger filed a motion for a protective order, alleging that any further supplemental proceedings would be "an abuse of justice" and would be an annoyance, oppression and undue harassment. The protective order was entered on March 14, 1977.

In granting the motion, the respondent court abused its discretion in failing to exercise a duty required by law. Rule 69, Arizona Rules of Civil Procedure states:

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record may obtain discovery from any person, including the judgment debtor, in the manner provided in these Rules or otherwise by law."

In his application for a protective order pursuant to Rule 26(c), respondent Flieger stated:

"To further require that defendant Jo Flieger participate in any further supplemental proceedings for the collection of the judgment would be an abuse of justice and can only be construed as an annoyance, oppression, and undue harassment on defendant Joe Flieger by plaintiff."

Rule 26(c), provides:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

The only annoyance respondent alleges is that the interrogatories are some 26 pages in length. That alone is insufficient reason to curtail petitioners' post-judgment right to discovery in aid of execution.

From the transcript of the hearing on the motion, it appears the respondent court felt petitioners were protected by the supersedeas bond in the appeal from the garnishment judgment. If respondent prevails on appeal, however, petitioners will not have access to the supersedeas bond. In any event, they need not await appellate disposition of that question before pursuing satisfaction of their judgment by other means. Post-judgment discovery is available to ascertain additional sources from which the judgment can be satisfied.

The order of the trial court granting respondent Flieger's motion for a protective order is hereby vacated.

Relief granted.

HOWARD, C. J., and RICHMOND, J., concur.